ROBERTS, J.,
for the Court:
¶ 1. Sandra Cobb and Cobb Bail Bonding Company[1] appeal the DeSoto County Circuit Court’s decision to deny Cobb’s motion to set aside a judgment nisi. One of Cobb’s employees attempted to surrender a principal on an appearance bond to a bailiff and a court administrator, but the principal absconded from the courthouse. The circuit court held that Cobb’s employee had failed to legally surrender the principal, so it found Cobb liable for the value of the appearance bond. Cobb appeals. Finding no error, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. Christopher Earl Reid was arrested and charged with felony possession of a controlled substance. Through Sandra Cobb’s bonding company, Reid signed an appearance bond. Cobb agreed to pay the State of Mississippi $10,000 if Reid did not appear for court when ordered. On January 11, 2012, the circuit court sent Cobb a letter informing her that Reid was scheduled to appear on February 1, 2012.
¶ 3. On February 1, 2012, Reid and his attorney, Joe Morgan Wilson, went to the courthouse. Mary Millon was there on Cobb’s behalf. Millon told the court administrator, Suzanne Lowrie, and the bailiff, Deputy Andrew Miller, that Cobb intended to surrender Reid’s bond. Deputy Miller told Millon that he could not accept Reid’s surrender at the courthouse because it was contrary to the DeSoto County Sheriffs Department’s policy.
¶ 4. Reid received word that Millon intended to surrender his bond. He asked to make a phone call, and he went into the jury room. He then went into a bathroom adjacent to the jury room, and escaped through a second-story window.
¶ 5. Two days later, the circuit court entered a judgment nisi against Reed, Sandra Cobb, and Cobb Bail Bonding. The circuit court also issued a bench warrant for Reid’s arrest, and a writ of scire facias summoning Reid and Cobb to appear on May 3, 2012. Neither Reid nor Cobb appeared for the hearing on the writ of scire facias. Consequently, the circuit court entered a final judgment against Reid and Cobb for $10,000.
¶ 6. Cobb filed a motion to set aside the judgment nisi. During the hearing on Cobb’s motion, Millon, Deputy Miller, and Cobb testified. Ultimately, the circuit court denied Cobb’s motion. Cobb appeals.
ANALYSIS
SURRENDER
¶ 7. Cobb argues that the circuit court erred when it denied her motion to set aside the judgment nisi. According to Cobb, when Millon told the court administrator that Cobb Bonding was surrendering Reid, that was sufficient to satisfy the statutory requirement of surrendering Reid in open court. Cobb also claims that Millon sufficiently surrendered Reid when she informed the bailiff of her intent.
¶ 8. Mississippi Code Annotated section 99-5-27(l)(a) (Supp.2013) defines “surrender” as “delivery of the defendant, principal on bond, physically to the sheriff ... or[,] in his absence, his jailer....” Millon *448 did not surrender Reid to the DeSoto County Sheriff or his jailer. She attempted to surrender Reid to Deputy Miller, the bailiff. Deputy Miller expressly told Mil-lon that he could not accept Reid’s surrender because it was contrary to the policy of the DeSoto County Sheriffs Department. Millon did not legally “surrender” Reid to Deputy Miller.
¶ 9. Furthermore, there is no merit to Cobb’s claim that Millon legally surrendered Reid to the court administrator. Mississippi Code Annotated section 99-5-27(2)(a) (Supp.2013) provides:
A bail agent, at any time, may surrender the principal to any law enforcement agency or in open court in discharge of the bail agent’s liability on the principal’s bond if the law enforcement agency that was involved in setting the original bond approves of such surrender, to the State of Mississippi and any of its courts....
Millon simply told the court administrator that she intended to surrender Reid. There is no evidence that Millon surrendered Reid in “open court.” Reid was only present for arraignment. The circuit court judge was not on the bench, and he had not called court into session when Millon told the court administrator that she intended to surrender Reid. There is no merit to this issue.
¶ 10. THE JUDGMENT OF THE DE-SOTO COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.

. We refer to the Appellants collectively as "Cobb” unless the context 1 requires otherwise.